## CONSOLIDATED PRESS & PRINTING CO v MOORE, etc

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided May 25, 1931

Knight & Miller, Cleveland, for Printing Co.

Orin P. Fish, Cleveland, for Moore.

**VICKERY, J.**

First, taking up the motion, there can be no question from the decisions of our court and of the Supreme Court of the State of Ohio, that the vacation or suspension of a judgment after term affects a substantial right and error may be prosecuted from such a finding of vacation or suspen-

sion of the judgment. This is laid down in several cases in our own Court of Appeals, but more particularly by the Supreme Court in **109 Oh St, 325, Makranczy v Gelfand,** where in the second paragraph of the syllabi that court held:

"2. An order of vacation of a judgment rendered at a prior term by virtue of §11631, GC, is a 'final order,' and a proceeding to reverse such final order must be commenced within 70 days after the entry of the final order complained of."

And it has likewise held in **Van Ingen v. Berger, 62 Oh St, 255,** as follows:

"1. An order by the Superior Court of Cincinnati that a default judgment rendered by the same court at a previous term be suspended and execution thereon stayed until the case should be tried on its merits and granting leave to defendant to file answer, is an order affecting a substantial right in a summary application after judgment, and is a final order within the meaning of §6707, R. S., from which error may be prosecuted. (**Hetrick v Wilson, 12 Oh St, 136; Braden v Hoffman, 46 Oh St, 639.**)"

And we have likewise made similar holdings in our own court in several cases, among which are Cleveland Trust Co. and Katz v Clayton H. Warner, No. 9208, Volume 40, page 137, Unreported Opinions, decided October 1, 1928; George Hiler v A. Cohen and Spilka, d. b. a. G. &. S. Grocery Co., No. 9589, Vol. 40, page 1003, Unreported Opinions, decided Feb. 4, 1929, besides many others which this court has decided.

So, from these authorities, and our personal views being in accordance with them, we must of necessity overrule the motion to dismiss the petition in error.

Now coming on to discuss the merits of the action which justified the court in vacating or suspending the judgment rendered at a prior term, we will say what we have already said which, however, may be supererogation to repeat, but there seems to be such a misunderstanding among the lawyers that we deem it wise to repeat what we have heretofore said on this subject.

The record in this case shows that this judgment was rendered at a prior term, and that defendant below had proper service made upon him, and that a proper return was made by the officer so that he, defendant, was in a court that had jurisdiction over the subject matter but that he failed to answer or otherwise plead; and that at a subsequent term he filed a petition to vacate or suspend the judgment there rendered. Now, there are two things that devolve upon a defendant which he must do, where a petition has been filed after term in order to have vacated or suspended a judgment rendered at a former term. One is to bring himself within the statute which authorizes a court to interfere because of some mischance that happened whereby the defendant was prevented from properly presenting his defense.

The record in this case shows that here was a defendant sued who had a talk apparently with the lawyer representing the plaintiff below, and from his side of the story it would appear that he was told that his name was in there by mistake; that the plaintiff did not intend to hurt him, and that he need not worry about the matter as it would be dismissed as against him. Of course, that is denied by the lawyer with whom the talk was had; he admits that he had a conversation with the defendant below but denies its extent; and he admits that he said that he would consult his client, and that he did consult his client, and thereafter did not communicate any further with the defendant. The defendant trusting from what he believed to be an understanding that the lawyer would not press the suit against him further, and not hearing anything further from the lawyer, apparently regarded the matter as settled. The judgment taken against him did not come to his knowledge until after term. Now, if that was so, and that was a matter for the court below to find before he could suspend or vacate this judgment, it furnished one of the two necessary steps to warrant a vacation of the judgment, and the record shows affirmatively that that was done in this case.

Now, that being established, the only other question was as to whether there was a defense, and the record shows that the court went into that subject, and apparently found that there was a defense, for the court could only vacate or suspend the judgment where there was a proper defense tendered and enough evidence introduced to show that probably there was a defense.

Now, both of these questions being resolved by this court in favor of defendant below, in the first action, the plaintiff in the second action, we can only assume that the court acted regularly; and so far as the record is concerned, it tends to corroborate this belief.

As we have already pointed out, the vacation or suspension of a judgment does affect a substantial right, and is a final order, and we can do no other than to affirm the judgment of the lower court. The judgment is therefore affirmed.

LEVINE, PJ, and WEYGANDT, J, concur.